UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,                    :

      Plaintiff,              :   <u>ORDER PERMITTING PLAINTIFF TO
                                        PROCEED WITHOUT PREPAYMENT OF</u>
v.                                  :   <u>FILING FEE BUT ESTABLISHING
                                        DEBT TO CLERK OF $150.00</u>
KEN JENNE, et al.,                  :

      Defendants.             :
_____

FILED by ____ D.C.
MAG. SEC.

JAN 13 2000

CLARENCE MADDOX
CLERK U.S DIST. CT.
S.D. OF FLA.   MIAMI

    The <u>pro se</u> plaintiff in this case has not paid the Clerk's filing fee of $150.00, but has filed a motion to proceed *in forma pauperis* with supporting financial affidavit and inmate bank statement.

    On April 26, 1996, 28 U.S.C. §1915(a) was amended in part to provide that:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.



The six month account statement is needed because pursuant to 28 U.S.C. §1915(b), as amended April 26, 1996, if a prisoner brings a civil action *in forma pauperis*, the prisoner must be required to pay the full filing fee. Initially, the Court must assess 20% of the greater of

    A) the average monthly deposits to the prisoner's account; or

    B) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.

Thereafter, the prisoner must make payments of 20% of the preceding month's income credited to his account. The agency having custody of the prisoner must forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid.

The plaintiff in this case has filed documentation to establish that he has no assets or funds with which to pay even a partial filing fee, and no expectation of income in the near future.

The new statute provides at 28 U.S.C. §1915(b)(4) that:

> In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that

the prisoner has no assets and no means by which to pay the initial partial filing fee.

It is thereupon

ORDERED AND ADJUDGED as follows:

1.  The plaintiff's motion to proceed *in forma pauperis* is granted to the extent that the plaintiff need not prepay even a partial filing fee in this case, or to prepay costs such as for service of process.

2.  The plaintiff owes the United States a debt of $150.00 which must be paid to the Clerk of the Court as funds become available.

3.  The jail/prison having custody of the plaintiff must make payments from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $150.00 is paid.

DONE AND ORDERED at Miami, Florida this 13 day of January, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Ross Jay Lawson, <u>Pro Se</u>
      Inmate No. FL97-9905
      Broward County Jail
      P. O. Box 9356
      Fort Lauderdale, FL 33310

      Warden/Superintendent
      Broward County Jail
      P. O. Box 9356
      Fort Lauderdale, FL 33310

      Lee Nihan, Financial Administrator
        for Clerk of Court