UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSS JAY LAWSON
    Plaintiff

V.

Case No. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

KEN JENNE,
WILLIAM HITCHCOCK,
BROWARD COUNTY DEPARTMENT
OF CORRECTIONS AND REHAB. ET AL /

## AMENDED COMPLAINT

I ROSS JAY LAWSON Plaintiff, in the above-styled cause, sues Defendant; KEN JENNE ,WILLIAM HITHCOCK ,and the Broward county department of correction and rehabilitation.

### JURISDICTION

1. This action is filed under 42 U.S.C. 1983 which gives this Honorable court jurisdiction to hear Federal claims from pre-trial detainees and inmates when claims of violation of civil rights are alleged by same.

2. Plaintiff ROSS JAY LAWSON invokes the Jurisdiction of this court claiming that his first, fifth and fourteenth amendment rights have, are being violated directly by the actions and lack of Defendants KEN JENNE and WILLIAM HITCHCOCK

### DEFENDANTS

1. That the defendants each of them are statutorily accountable for any and all Malfeasance conduct committed during his agency as a fiduciary agent of the Broward County Sheriffs Office Department of Corrections.

2. That Defendant KEN JENNE is the Sheriff of Broward County and is responsible for all rules and operating procedures of the Broward County Department of Corrections. He is sued in his individual and official capacity.



3   That Defendant WILLIAM HITCHCOCK is an agent of Defendant KEN JENNE.
Is the Superintendant/Captain of the Broward County Main Jail and is responsible
for the overall Care,Control,and Custody of thefacility.  He is responsible
for initiating, enforcing, and/or interpreting any rule/procedure advised to
him.  He is sued in his individual and official capacity.

## STATEMENT OF FACTS

1.   Defendant KEN JENNE has cause by his action/lack of, a total ban on all
publication coming into the Broward County Main Jail.

2.   That after Plaintiff ROSS LAWSON after repeated request and grievances
informing Defendant KEN JENNE of the error on such a ban,(see attachments)
still refused to lift said ban and susequently have only resently allowed only
religious publications to be allowed admittance into the Broward County Main
Jail.

3.   By allowing only religious publication only to be admitted Defendant
KEN JENNE has shown that he understands that his policy of a total ban on publications
violates the civil rights of the inmates intrusted to his care.

4.   Defendant KEN JENNE however has seen fit to pick and chose which laws
and rules he wants to follow when he chose to stop denying inmates there freedom
to practice there religion, He showed that he understood his policy of lack
of publication is erronious.

5.   Defendant KEN JENNE now has further compounded his errouneous action and has
further denied Plaintiffs civil rights by allowing a certain class of people to be
allowed publications and denying the other inmates their freedom of liberty as that
afforded to inmates who receive  religious publications.

6.   Plaintiff Ross Jay Lawson has on numerous occasions written to Defendant Ken
Jenne informing him of his right as a pre-trial detainee, how his rights have/are
being violated, and how to correct these violations. (seeattached).

7. Defendant Ken Jenne after being informed by Plaintiff Ross Jay Lawson of violations
through correspondence, chose to ignore or have his agent William Hitchcock respond
to the isssues raised, yet refused to change or initiate a change of any policies
to lift the ban on all publications.And that who change correct or uphold, and or
choose to do nothing to change such violations are violating the Plaintiff's civil/
constitutional rights.

8. Because of Defendant's commissions/omissions and the above stated reasons Plaintiff Ross Jay Lawson sues Defendant Sheriff Ken Jenne in his official and personal capacity.

9. Because of Defendant's half efforts of lifting the ban on certain types of publications and his refusal to respond to Plaintiffs pleas to correct his policies, Defendant claims his action showed a deliberate/complete wanton disregard of the plaintiffs rights, and for such Plaintiff sues Defendant Sheriff Ken Jenne in his personal and administrative capacity.

1. Since 7/17/97 Plaintiff Ross Jay Lawson has been a pre-trial detainee at the Broward County Main Jail to this date more then two and a half years the Plaintiff is still a non-convicted pre-trial detainee, and still holds all rights as such. And of course should not be subjected to punishment prior to conviction.

2. Since 7/17/97 Plaintiff Ross Jay Lawson has on several occasions tried to either have publications sent to him, correspondence courses and self help booklets, novels, ect. ect. mailed to him or dropped off at the Broward County Main Jail. All of the above were denied access into this jail to Plaintiff.

3. On 10/28/97 Plaintiff Ross Jay Lawson filed the first of several requests, grievances, and correspondence to the administration here at the Broward County Main Jail on the subject of letting him receive the above mentioned articles. The Plaintiff was denied on all correspondences to this jails administration and to the Sheriffs office.

4. On 11/5/97 Plaintiff Ross Jay Lawson filed the first of several requests, grievances, or correspondences directly to William Hitchcock who is the Superintendent of the Broward County Main Jail, Which of course is the jail in question. The Plaintiff explained fully to Defendant William Hitchcock that the policy of a complete ban on any and all publications is unconstitutional and as such violates the Plaintiffs rights.

5. Defendant denied Plaintiffs request and failed to respond to Plaintiffs allegations that his rights were being violated. On 11/20/97 Plaintiff appealed the issue and never received a response from Defendant William Hitchcock.

6. On 11/20/98 the Plaintiff requested to have religious books sent to him from the publisher at his own cost because Plaintiff is Jewish and the jail does not provide for this. This request was made to the chaplin at this facility. This request was forwarded to the Defendant William Hitchcock who responded on an inter office memorandum that their is a complete ban on publications and as such the Plaintiffs request was denied.

7. Plaintiff then investigated this jails standard operating procedure manual and discovered that on 10/1/96 rule S.O.P. 5.4.1. requires that a complete ban on all publications to inmates through the mail was initiated.

8. PLaintiff again requested to the Defendant William Hitchcock to be allowed the freedom to practice his religious belief by having religious material allowed in because their were none provided for Jews at this Facility. Plaintiff never received a response and has from this point has never received a response on any further requests, grievences, or correspondences on this matter. This continued untill 10/29/99.

9. On or around 10/99 Plaintiff for the first time raised the issue/allegation that his due process rights are also being violated, because Plaintiff remains and still is a non-convicted pre-trial detainee which falls under the due process clause, thus provides that the Plaintiff in this suit/action not be punished prior to conviction, because of course that he has not been convicted of any of his charges. Yet the Plaintiff is in fact being punished and being denied the opportunity to voice his concerns and be heard. Defendant William Hitchcock refused to answer this issue.

10. Plaintiff further alleges that because of his pleas on the issue of publications. He was; and still is being denied access to the law library at the Broward County Main Jail, moved to a high custody cell, had his legal documentation and important papers confiscated by Defendant William Hitchcock through Deputy Wilcox, and has had much of such papers destroyed, including but not limited to the Plaintiffs original on this suit.

11. Because of DEfendants commissions/ omissions and the above stated reasons Plaintiff Ross Jay Lawson sues Defendant William Hitchcock in his personal and administrative capacity.

12. Because of the malfeasance, harassing, wanton disregard, and acts of reprisal of Defendant William Hitchcock, and because of Defendants half efforts of correcting his erroneous actions by lifting the ban on only certain types of publications and his refusal to respond to Plaintiffs correspondence requesting a change of policy, for such and further acts and or omissions, Plaintiff sues Defendant William Hitchcock in his personal and individual capacity.

## RELIEF SOUGHT

Wherefore, The Plaintiff Ross Jay Lawson prays that this Honorable court to enter a Judgement granting the Plaintiff the following;

1. A declaratory Judgement declaring that the Defendants named in this suit, that their acts and/or omissions described herein violated the Plaintiffs civil/constitutional rights.

2. That a permanent injunction be placed against the Defendants each of them which;
(a) Prohibits the Defendants, as well as the Broward Department Of Corrections, from denying any inmates from receiving publication, dropped off or through the mail.

(b) Prohibits the Defendants, The Broward Department Of Corrections, from denying a certain class of inmates the rights of liberty when granting those same rights to other or another class of inmates.

(c) Prohibits the Defendants, The Broward DEpartment Of Corrections, from instituting any further policy, or upholding any policy which has been complained about, or has been grieved claiming the rule or policy is against the inmates civil/constitutional rights without first having those policies reviewed by their legal department for any errors that will violate any civil/constitutional rights, or induce punishment to a non-convicted pre-trial detainee prior to conviction.

3. Compensatory damages in the amount of; $50,000$\underline{^{00}}$ Fifty thousand dollars, from Defendants, Sheriff Ken Jenne/ William Hitchcock/ Broward County Department Of Corrections. each of them to the Plaintiff.

4. Punitive damages in the amount of $100,000$\underline{^{00}}$ One hundred thousand dollars, from the Defendants, Sheriff Ken Jenne/ William Hitchcock/ Broward County Department Of Corrections. each of them to the Plaintiff.

5. A jury trial on all issues triable by a jury.

6. That all court costs, attorneys fees and any and all other fees to be imputed to the Defendants, Sheriff Ken Jenne/ William Hitchcock/ Broward County Department Of Corrections. Each of them.

7. Any and other and further relief this honorable court may deem to be proper.

I *[signature: Ross Jay Lawson]* swears under the penalty of perjury that all of the above stated are true to the best of his knowledge.

Ross Jay Lawson FL97-9905

P.O. BOX 9356

FTLaud, Fla. 33310