UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,                    :

    Plaintiff,                     :
                                                ORDER SCHEDULING PRETRIAL
v.                                  :   PROCEEDINGS WHEN PLAINTIFF
                                                  IS PROCEEDING PRO SE
KEN JENNE, et al.,                  :

    Defendants.                    :
_____

FILED by _____ D.C.
MAG. SEC.

MAY -1 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

    The plaintiff in this case is incarcerated, without counsel, so that it would be difficult for either the plaintiff or the defendants to comply fully with the pretrial procedures required by Local Rule 16.1 of this Court. It is thereupon

    ORDERED AND ADJUDGED as follows:

    1.  All discovery methods listed in Rule 26(a), Federal Rules of Civil Procedure, shall be completed by July 7, 2000. This shall include all motions relating to discovery.

    2.  All motions to join additional parties or amend the pleadings shall be filed by July 21, 2000.



3. All motions to dismiss and/or for summary judgment shall be filed by August 11, 2000.

4. On or before August 25, 2000, the plaintiff shall file with the Court and serve upon counsel for the defendants a document called "Pretrial Statement." The Pretrial Statement shall contain the following things:

(a) A brief general statement of what the case is about;

(b) A written statement of the facts that will be offered by oral or documentary evidence at trial; this means that the plaintiff must explain what he intends to prove at trial and how he intends to prove it;

(c) A list of all exhibits to be offered into evidence at the trial of the case;

(d) A list of the full names and addresses of places of employment for all the non-inmate witnesses that the plaintiff intends to call (the plaintiff must notify the Court of any changes in their addresses);

(e) A list of the full names, inmate numbers, and places of incarceration of all the inmate witness that plaintiff intends to call (the plaintiff must notify the Court of

        any changes in their places of incarceration); and

  (f)  A summary of the testimony that the plaintiff expects <u>each</u> of his witnesses to give.

5. On or before September 8, 2000, defendants shall file and serve upon plaintiff a "Pretrial Statement," which shall comply with paragraph 4(a)-(f).

6. Failure of the parties to disclose fully in the Pretrial Statement the substance of the evidence to be offered at trial may result in the exclusion of that evidence at the trial. Exceptions will be (1) matters which the Court determines were not discoverable at the time of the pretrial conference, (2) privileged matters, and (3) matters to be used solely for impeachment purposes.

7. If the plaintiff fails to file a Pretrial Statement, as required by paragraph 4 of this order, paragraph 5 of this order shall be suspended and the defendants shall notify the Court of plaintiff's failure to comply. <u>The plaintiff is cautioned that failure to file the Pretrial Statement may result in dismissal of this case for lack of prosecution</u>.

8. The plaintiff shall serve upon defense counsel, at the address given for him/her in this order, a copy of every pleading, motion, memorandum, or other paper submitted for consideration by the Court and shall include on the original document filed with the Clerk of the Court a certificate stating the date that a true and correct copy of the pleading, motion, memorandum, or other paper was mailed to counsel. All pleadings, motions, memoranda, or other papers shall be filed with the Clerk and must include a certificate of service or they will be disregarded by the Court.

9. A pretrial conference may be set pursuant to Local Rule 16.1 of the United States District Court for the Southern District of Florida, after the pretrial statements have been filed. Prior to such a conference, the parties or their counsel shall meet in a good faith effort to:

>   (a) discuss the possibility of settlement;
>
>   (b) stipulate (agree) in writing to as many facts and issues as possible to avoid unnecessary evidence;
>
>   (c) examine all exhibits and documents proposed to be used at the trial, except that impeachment documents need not be revealed;

     (d)    mark all exhibits and prepare an exhibit list;

     (e)    initial and date opposing party's exhibits;

     (f)    prepare a list of motions or other matters which require Court attention; and

     (g)    discuss any other matters that may help in concluding this case.

DONE AND ORDERED at Miami, Florida, this __1__ day of May, 2000.

                                                      _[signature]_
                                        UNITED STATES MAGISTRATE JUDGE

cc:    Ross Jay Lawson, Pro Se
       Inmate No. 97-9905
       Broward County Jail
       P. O. Box 9356
       Fort Lauderdale, FL 33310

       Robert Hunt Schwartz, Esq.
       Adorno & Zeder
       888 SE 3rd Avenue
       Suite 500
       Fort Lauderdale, FL 33335-9002