UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSS JAY LAWSON,

Plaintiff,

v.

KEN JENNE, WILLIAM HITCHCOCK, BROWARD COUNTY DEPARTMENT OF CORRECTIONS AND REHAB., ET AL,

Case No.: 00-6009-CIV-DIMITROULEAS
Magistrate Judge SORRENTINO

00 AUG 15

# Motion To Compel Defendants To Honor "Plaintiff Ross Jay Lawson's First Request For Production Of Documents Etc. Under Rule 34"

Comes Now the Plaintiff Ross Jay Lawson, (pro,se) and requests this Honorable Court to compel the Defendants to honor "Plaintiff Ross Jay Lawson's First Request For Production Of Documents Etc. Under Rule 34" Grounds for this Motion are as follows;

1. On May 1, 2000 the Honorable Judge Sorrentino created an "Order Scheduling Pretrial Proceedings When Plaintiff Is Proceeding Pro Se" and paragraph (1) of such Order stated,

"① All discovery methods listed in Rule 26(a), Federal Rules Of Civil Procedure, shall be completed by July 7, 2000. This shall include all Motions relating to discovery"

2. The Plaintiff in order to comply with Judge Sorrentino's Order, sent his First set of Interrogatories to the Defendants named in this suit on May 17, 2000

3. On June 20, 2000 the Plaintiff still had not recieved the Defendant's Answers, to Plaintiff's First set of Interrogatories. And the Plaintiff wrote a letter explaining that the Defendant's were past the 30 days to Answer. (See attached)

4. On June 29, 2000 the Plaintiff recieved "Defendants Jenne & Hitchcock, Notice Of Serving Answers To Plaintiff's First Interrogatories Served May 17, 2000"

5. The next day, June 30, 2000 the Plaintiff sent via U.S. Mail "Plaintiff Ross Jay Lawson's First Request For Production OF Documents, Etc. Under Rule 34" to the Defendants.

6. On June 23, 2000 the Defendants still had not sent the Plaintiff their Answers to Plaintiff's First set of Interrogatories. So the Plaintiff guessing he would need/require extra time for discovery methods filed with the Court and to the Defendants a "Motion For Continuance And/OR Extension on Pretrial Proceedings."

7. Plaintiff with no delay, nor waiting for the 30 day time limit to expire. Supplied the Defendants with their request for both Interrogatories, and Documents. Simply supplying the Defendants with all Documents and information he possessed. Trying to be as fair as pos. And copying and sending them what they requested, (What they requested being Hundreds [illegible] at no fee.)

8. The Plaintiff feals the Defendant's are not being fair and using a tactical or delaying stradegy to hamper the proof/facts, and delaying this case by not complying with simple requests from the Plaintiff.

9. The Defendan'ts are well aware that the Plaintiff is indigent and with out funds for copies. furthermore the Plaintiff Requested in his Request for Production of Documents to view such Documents So he may be able to take notes and accounts of such. Copies could be made in the alternitive for such. Print-outs from their Computers are required.

10. The Plaintiff has requested numerous times to meet with the Defendants and their attorneys as required by Judge Sorrentino's Order paragraph (9) (see letters attached) to document exibits and initial such etc. etc. etc. (a),(b),(c),(d),(e),(f),(g).

(4)

Where for the Plaintiff Ross Jay Lawson requests this Honorable court to compel/Order the Defendant\s to Honor/Answer "Plaintiff Ross Jay Lawson's First Request For Production of Documents, Etc. Under Rule 34." And fully Comply with the Honorable Judge Sorrentino's Order dated May 1, 2000 paragraph (9) (a) thrue (g).

Certificate Of Service

I Hereby Certify that a true and correct copy of this Motion was sent via U.S. Mail to Adorno & Zeder, P.A. Robert H. Schwartz attorneys for the Defendants in this suit, 888 S.E. 3rd Ave., Suite 500 Fort Laud, FL 33335-9002 on this 4th day of August 2000.

By: Ross Lawson

I hereby swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. On this 4th day of August 2000

By: Ross Lawson

(12433.029)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSS JAY LAWSON,

Plaintiff,

v.

KEN JENNE, WILLIAM HITCHCOCK, BROWARD COUNTY DEPARTMENT OF CORRECTIONS AND REHAB.,

Defendants.
_______________________________/

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

**DEFENDANTS', JENNE & HITCHCOCK, RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34**

COME NOW the Defendants, KEN JENNE and WILLIAM HITCHCOCK, by and through their undersigned counsel, and file this Response to Plaintiff's Request for Production of Documents pursuant to Rule 34, and would state to the Court the following:

1. The Plaintiff's Request for Production of Documents is in violation of the Scheduling Order which requires that discovery be completed by July 7, 2000. The Request for Production of Documents bears a service date of June 30, 2000, and it was received on July 6, 2000. Therefore, pursuant to the Scheduling Order, Defendants' response would not be due within the period of time set forth.

2. The Plaintiff's request that the documents be made available at the jail is unreasonable; however, despite the fact that the request is violative of the Scheduling Order, if arrangements to pay the copying charges are made by the Plaintiff, the documents will be provided to the extent that they are available.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 3rd day of August, 2000 to: **ROSS JAY LAWSON**, Pro Se Plaintiff, FL 97-9905, Post Office Box 9356, Fort Lauderdale, Florida 33310.

ADORNO & ZEDER, P.A.
Counsel for Jenne & Hitchcock
888 Southeast Third Avenue
The Legal Center, Suite 500
Fort Lauderdale, Florida 33335-9002
(954) 523-5885
(954) 760-9531 (Fax)

ROBERT H. SCHWARTZ
Fla. Bar No.: 301167

RHS/L DISCOV'148722'12433 029

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSS JAY LAWSON,

Plaintiff,

Case No.: 00-6009-CIV-DIMITROULEAS
Magistrate Judge SORRENTINO

V.

KEN JENNE, WILLIAM HITCHCOCK, BROWARD COUNTY DEPARTMENT OF CORRECTIONS AND REHAB., ET AL,

_______________________________/

**PLAINTIFF ROSS JAY LAWSON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ETC. UNDER RULE 34**

Plaintiff ROSS JAY LAWSON requests all Defendants named in this action/suit to respond within thirty days as provided by the rules, to the following reqests;

1. That the Defendants produce and permit PLaintiff to inspect and to copy each of the following documents.

(A) All S.O.P. regulations/documents that directly or indirectly relate in any way to publications of any kind in the BROWARD COUNTY JAIL(S) since the date of 1990 untill present. And all S.O.P for visitation and law library dating from 7/17/97 to present.

(B) All grievances, requests, letters, or any type of correspondence, that the Plaintiff sent or received, from/to any staff or administration or Sheriff Jenne since 7/17/97 untill present.

(C) All Disciplinary Reports or document or computer information which relate to in any way to D.R.s since 7/17/97 untill present date, that the Plaintiff in this suit has gotten. Including appeals and disciplinary committee finings/actions.

(D) All document that show each unit/pod that the Plaintiff in this suit was housed in since 7/17/97 untill present. This can be gotten fron the Jails computer, and printed out. This must show dates and times the Plaintiff was housed in each unit.

(E) All rejected mail slips or documents of any type that are in reference to publications to Plaintiff in this suit. Or in other words any documents that show or verify rejected publications or periodicals of any type, in reference to the Plaintiff in this suit. Since 7/17/97 untill present.

(F) All documents that relate to in any way the rules on publications or to do with publications in any way, that are enforced in the B.C.M.J. now 6/2000.

(G) All documents or computer information that show purchases for magazines, books, newspapers, or any publications of any kind, etc.etc. since 1/1/96 untill present.

(H) All documents that relate to donated or loaned publications of any type, given to the BROWARD COUNTY JAIL(S) since 1/1/90 until present.

(I) All financial record directly or indirectly that relate to publications for inmates in custody in BROWARD COUNTY JAIL(S) since 1/1/90 until present. This includes but is not limited to financial records on books, magazines, newspapers, or any reading material of any type that the BROWARD COUNTY JAIL(S) purchases for inmates reading or learning, since 1/1/90 until present.

(J) The current policy on publication of any type coming in to the BROWARD COUNTY JAIL(S) now whether dropped off or thrue the mail or brought for inmates.

(K) All document whether financial or otherwise, that relate in any way to the inmate book carts, or magazines, or newspapers, or other publications for inmates in the BROWARD COUNTY JAIL(S) since 1/1/96 until present.

(L) All documents that the mailroom staff go by, or posters, or written documents on the wall concerning publications of any type coming into the jail(s) since 1/1/96 until present. Or in other words the rules that the mailroom staff follow or read in their every day action as mailroom employees to do with publications of any type since 1/1/96 until present.

(M) Any and all documents that relate in any way to the library coordinator helping, assisting, or actually getting inmates publications they request/want. And all records, of all publications of any kind that the library coordinator actually did get or help to get or assist in getting for inmates since 1/1/96 untill present.

(N) All documents or financial record for the inmate welfare fund, that have to do with publications of any type. This includes the amount or balance of money that has been in the inmate welfare fund since 1/1/96 untill present, or its average balance on 1/1/96 and how that changed in numbers each 6 months untill present date.

(O) The actual amount in the inmate welfare fund as of when this request for documents is answered. And the and all areas such money is used for and who decides how and how much is used and when and where. And how this money is made.

(P) Any reprimands that were issued to any staff concerning the book cart, or publication of any kind since 7/17/97 until present. Including but not limited to memo's or letters to staff on publication since 7/17/97 until present.

(Q) All documents that show and or verify times and dates and places of contact visits taking place at the BROWARD COUNTY MAIN JAIL and approval for such since 7/17/97 untill present. This is for inmates and their family or friends, not attorney and clients. I am aware of several contact visits that were allowed to take place at the BROWARD COUNTY MAIN JAIL and I would like your documents to verify such. Also please show all extended visitation or two or more allowed days of visitation in a row for inmate since 7/17/97 until present.

Since the Plaintiff in this suit/action is a pretrial detainee, the Plaintiff requests to have this meeting to review documents/information at the jail where he is house at the BROWARD COUNTY MAIN JAIL, or copies to be made and sent to the Plaintiff within thirty days of receipt of this request for production of documents. Original or actual computer information can be copied and sent to the Plaintiff within the next thirty days, and this meeting to view originals will not be required as long as the Defendants in this suit attest to their authenticity.

CERTIFICATE OF SAERVICE

I HEREBY CERTIFY that a true and correct copy of Plaintiff ROSS JAY LAWSON's first request for production of documents etc. under rule 34 was sent via U.S. mail this 30th day of June 2000 to: ADORNO & ZEDER, P.A. ROBERT H. SCHWARTZ Attorneys for Defendants in this suit 888 S.E. THIRD AVE, SUITE 500 FORT LAUDERDALE, FL 33335-9002

Ross Jay Lawson

ROSS JAY LAWSON #197-9905
P.O. BOX 9356
Fort Lauderdale FL 33310

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:00-6009-CIV-DIMITROULEAS

MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,

Plaintiff,

VS.

KEN JENNE, et al.,

Defendants.
_______________________/

**MOTION FOR CONTINUANCE AND/OR EXTENSION ON PRETRIAL PROCEEDINGS**

COMES NOW THE Plaintiff ROSS JAY LAWSON, pro,se and requests this honorable court to grant a continuance and/or extension on pretrial deadlines that were ordered by Judge SORRENTINO on the 1st day of May 2000, and the order was called,(ORDER SCHEDULING PRETRIAL PROCEEDINGS WHEN PLAINTIFF IS PROCEEDING PRO SE). Grounds for this motion are as follows;

1. The Plaintiff has done his best to fully comply with the May 1, 2000 Order. PLaintiff has answered Defendants INTERROGATORIES, AND REQUESTS FOR DOCUMENTS. Plaintiff has also attempted to meet with Defendant's attorneys to conduct the last sentence to paragraph #9 a-g all to no avail, (see attached).

2. The Defendants have failed to answer Plaintiff's first set of INTERROGATORIES, and such were mailed the Defendants well over 30 days ago. PLaintiff needs said Interro--gatories to specify what Plaintiff needs in his Document requests, and what questions to ask and who in his request for admissions. Plaintiff can not properly prepare for trial without the Defendants responses to such.

3. The time frames that are set forth in the May 1, 2000 Order are not long enough to allow the Plaintiff to send and have answered, INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST FOR ADMISSIONS, ETC. ETC.

4. If Defendants do not respond to the Plaintiff's letters (see attached) within ten days as required then the Plaintiff plans to file a MOTION TO COMPEL).

5. The Plaintiff does not wish in any way to delay this case from being tried by a Jury, and only asks for the time deeded to prepare for such.

6. since each step or request that the Plaintiff wishes to send to the Defendants allows them 30 days to respond, and each is needed to request the next. PLus the fact that the Defendant are using all 30 of those days to respond, and failing to meet with the Plaintiff as required by the Order issued on May 1,2000 by meeting with the Plaintiff to help lessen the pretrial preparation and evidence in general the Plaintiff requests this motion to be granted.

WHEREFORE THE Plaintiff prays this Honorable Court to grant this Motion and extend the deadlines set forth in the May 1, 2000 Order.

BY: Ross Jay Lawson

ROSS JAY LAWSON FL97-9905
P.O. BOX 9356
Fort Lauderdale, FL. 33310

I ROSS JAY LAWSON swears under the penalty of perjury that all of the above stated is true to the best of my knowledge, on this 23rd day of Jüne 2000.

BY Ross Jay Lawson

I hereby certify that a true and correct copy of this Motion was sent by mail to ADORNO & ZEDER and ROBERT H. SCHWARTZ who are attorneys for all Defendants named in this suit/action, and was mailed to 888 SOUTHEAST 3rd AVENUE SUITE 500 Fort Lauderdale, FLORIDA 33335-9002.

BY Ross Jay Lawson 6/23/0

May 18, 2000

To: ADORNO & ZEDER, P.A. (ROBERT H. SCHWARTZ) BAR # 301167

RE: PRETRIAL CONFERENCE OR MEETING TO

To whom it may concern;

I am available to meet with at my place of residence at the B.C.M.J. since I am unable to come and meet with you I request that you make the arrangements to meet with me so as we can cut down on the burdensome amount of discovery, and agree to certain matters so as we can proceed to trial in the quickest most time saving manner. This will save us both a grate deal of time and money. Please let me know prior to your arrival so as I can prepare the paper-work for the meeting. This of course can be at your convenience. I look forward to seeing you prior to trial to arrange these issues.

ROSS JAY LAWSON FL97-9905

June 19, 2000

To: ROBERT H. SCHWARTZ P.A. and ADORNO & ZEDER

**RE: LAWSON v. JENNE and HITCHCOCK, REFERENCE YOUR LETTER DATED MAY 30, 2000**
**Your file No.: 12433.029**

Dear Mr. Schwartz:

Your letter states, I am in receipt of your May 18, 2000 letter regarding a pre-trial conference. According to paragraph #9 of Magistrate Judge Sorrentino's May 1, 2000 Order scheduling pre-trial proceedings, a copy of which is attached for your ease of reference, a pre-trial conference may be set at the Court;s discretion following the filing of the pre-trial statements. Accordingly, your suggestion of a pretrial conference or meeting is premature at this time.

Your letter stated above is correct about what paragraph #9 of Judge Sorrentino's Order states. However! You failed to complete paragraph #9 in which the last sentence states and I quote the whole paragraph and underline the portion you failed to state or understand.

> 9. A pretrial conference may be set pursuant to Local Rule 16.1 of the United States District Court for the Southern District of Florida, after the pretrial statements have been filed. Prior to such a conference , the parties or their counsel shall meet in a good faith effort to:

The underlined portion of paragraph #9 is the portion that you failed to read or comprehend. Therefore since I am still a pretrial detainee I hope to see you A.S.A.P. to try our best to complete Judge Sorrentino's Order on May 1, 2000 Paragraph #9 (a) thru (g).

Note I am unable to meet with you as I have been locked up with N/B holds on me since 7/17/97. Therefore you will have to come to the Jail so as we can do our best to honor and comply with the Judges Order. This meeting will help our discovery process. It will make things quick and easy for the both of us to proceed to trial.

PS. Please give me some notice so as I will have all paperwork prepared for our meeting.

ROSS JAY LAWSON FL97-9905 B.C.M.J.
P O. BOX 9356
Fort Lauderdale, FL. 33310

Attached is copies of my letter, your letter, and the Judges Order.

ADORNO & ZEDER
A PROFESSIONAL ASSOCIATION
888 SOUTHEAST 3RD AVENUE
SUITE 500
FORT LAUDERDALE, FLORIDA 33335-9002
TELEPHONE (954) 523-5885
TELEFAX (954) 760-9531
www.adorno.com

ROBERT H. SCHWARTZ

May 30, 2000

Mr. Ross Lawson
Inmate No. 97-9905
Broward County Jail
P.O. Box 9356
Fort Lauderdale, Florida 33310

**RE: Lawson v. Jenne and Hitchcock**
**Our File No.: 12433.029**

Dear Mr. Lawson:

I am in receipt of your May 18, 2000 letter regarding a pre-trial conference. According to paragraph #9 of Magistrate Judge Sorrentino's May 1, 2000 Order scheduling pre-trial proceedings, a copy of which is attached for your ease of reference, a pre-trial conference may be set at the Court's discretion following the filing of the pre-trial statements. Accordingly, your suggestion of a pre-trial conference or meeting is premature at this time.

Very truly yours,

Robert H. Schwartz

RHS:jjk
Encl.
(Ftl 144480)

June 20, 2000

Robert Schwartz, Esq.
Adorno & Zeder
888 Southeast 3rd Ave.
Suite 500
Ft. Lauderdale, Florida 33335-9002

RE: Lawson v. Jenne et al.
Your file no. 12933.029

Dear Mr. Schwartz:

On May 17th I mailed to your office the first set of interrogatories for the defendants in the above-styled cause of action. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, you had 30 days in which to respond by sending me the defendants' answers to said interrogatories.

To date, I have not received the defendants' answers to my interrogatories.

Please forward the same to me as soon as possible, as the deadline for the defendants' responses has passed.

If you need to discuss any matter with me, please let me know if I can call your office from the jail phone (which, as you are probably aware, allows for collect calls only, unless you can obtain permission for me from the jail's administration to call you directly from one of the jail administration telephones).

Thank you for your attention to this matter.

Very truly yours,

Ross Jay Lawson
Arrest # 97-9905