UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,                :

    Plaintiff,              :

v.                              :   ORDER INSTRUCTING PRO SE
                                                 PLAINTIFF CONCERNING RESPONSE
KEN JENNE, et al.,              :   TO MOTION FOR SUMMARY JUDGMENT

    Defendants.             :



FILED by _____ D.C.
MAG SEC.

OCT 2 6 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

    In this prisoner civil rights action the defendants, Ken Jenne, William Hitchcock and Broward County Department of Corrections and Rehabilitation have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, or a motion to dismiss with supporting documentation which the Court will treat as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b)(6).

    The plaintiff is hereby notified that this Court will consider this motion without oral hearing, and that he may file a response in opposition thereto for consideration by the Court. Somerville v. Hall, 2 F.3d 1563 (11 Cir. 1993); Griffith v. Wainwright, 772 F.2d 822, 825 (11 Cir. 1985); Moore v. Florida, 703 F.2d 516 (11

Cir. 1983); Barker v. Norman, 651 F.2d 1107 (5 Cir. 1981); Kibort v. Hampton, 538 F.2d 90 (5 Cir. 1976).

The attention of the plaintiff is particularly drawn to all provisions of Fed.R.Civ.P. 56, and specifically to that portion of Rule 56(e) which provides:

> When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. (Emphasis added.)

The plaintiff is specifically cautioned as follows:

1. Any issue determined by summary judgment will not be tried. If a summary judgment is granted as to all issues, there will be no trial and a final judgment will be entered without further proceedings.

2. The evidence presented by the defendant in support of the motion for

   summary judgment may be accepted by the Court as true if it is not contradicted by affidavits or other sworn evidence such as depositions, submitted by the plaintiff.

3. The plaintiff cannot rely solely on his complaint and other initial pleadings, but must respond with affidavits, depositions, or otherwise, to show that there are material issues of fact which require a trial.

Coleman v. Smith, 828 F.2d 714 (11 Cir. 1987); Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987). Thereupon, it is

ORDERED that on or before November 27, 2000, the plaintiff may file a response to the pending motion for summary judgment.

DONE AND ORDERED at Miami, Florida, this 25 day of October, 2000.

                _____
                UNITED STATES MAGISTRATE JUDGE

cc: Ross Jay Lawson, Pro Se
Inmate No. 97-9905
Broward County Jail
P. O. Box 9356
Fort Lauderdale, FL 33310

Robert H. Schwartz, Esq.
Adorno & Zeder, P. A.
888 S.E. Third Avenue
The Legal Center, Suite 500
Fort Lauderdale, FL 33335-9002