UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,

    Plaintiff,

v.

KEN JENNE, WILLIAM
HITCHCOCK, BROWARD
COUNTY DEPARTMENT OF
CORRECTIONS AND REHAB.,

    Defendants.
_____/



## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

The Defendants, KEN JENNE, WILLIAM HITCHCOCK and BROWARD COUNTY DEPARTMENT OF CORRECTIONS AND REHABILITATION, by and through their undersigned counsel, files their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, and in support thereof states:

### INTRODUCTION

Plaintiff claims that there are material issue in dispute which preclude this Court from entering summary judgment in Defendants' favor. On the contrary,



*Lawson v. Jenne, et al*
USDC Case No.: 00-6009

Plaintiff merely contests said material facts and is unable to disprove them. Plaintiff relies primarily on his own personal assertions as well as those of others.

Affidavits submitted by Plaintiff (some sworn and some unsworn) are factually inaccurate and incorrect, and as such, should not be considered in conjunction with Plaintiff's Response. For instance, the affidavit of Terrell Sessions states in paragraph five, "... Christian literature and Christian publications were the only ones allowed into the jail..." Additionally, paragraph six states, "After March 1999 the jail allowed religious publication for inmates but only religious publications..." Mr. Sessions' does not, and could not, possibly have the requisite knowledge to make this statement.

The affidavits of John Judd and Michael Consiglio are factually similar. Mr. Judd states in paragraph six, "From my date of arrest until 3/99, the B.C.D.O.C.A.R. did not allow inmates to receive publications of any kind from any outside source." Mr. Consiglio states in paragraph four, "...No other publications of any kind were allowed to enter the jail unless they were Christian...". Mr. Judd and Mr. Consiglio too, could not personally have the requisite knowledge to make these statements.

## MEMORANDUM OF LAW

### A.   Plaintiff's Right to Receive Mail

Thornburgh v. Abbott, 109 S.Ct. 1874, 490 U.S. 401 (1989) clearly sets out the "reasonableness test" which determines if a regulation affecting the sending of

publications to prisoners is valid. The first factor discussed by Thornburgh is to determine "whether to governmental objective underlying the regulation at issue is legitimate and neutral, and that the regulations are rationally related to that objective." Id. at 1882. The second factor "is whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 1884. Finally, the third factor is "the impact the accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison." Id. at 1884.

At issue is SOP 5.4.1 entitled "Inmate Mail", which provides that inmates are not permitted to receive books, magazines or newspapers through the mail.[1] Captain Hitchcock states in his affidavit that the reason this particular SOP is in place is for security purposes at the jail. Such purposes include preventing the entrance of drugs and weapons into the jail. Thus, the purpose of this SOP is a legitimate one. The neutrality of this SOP is shown by the application of the SOP. The SOP applies to books, magazines and newspapers alike, without regard to the content of each.

The enforcement of this SOP is also rationally related to its objective; to maintain security. There is no dispute that permitting drugs and weapons into the jail would pose a security risk.

---

[1] See the affidavit of Captain Hitchcock, attached to Defendants' Motion for Summary Judgment, Exhibit "A".

As for the second factor, an alternative means of exercising the right to read publications, it is undisputed that the jail has a Leisure Library for the inmates. Plaintiff even admits the same in his Response Memorandum. As for Plaintiff's assertion that the Leisure Library is burdensome and insufficient, such claims are merely conclusory assertions with no evidence. The SOP in question clearly states that "a variety of outside publications for inmates will be ordered by each facility and made available to inmates through the Inmate Leisure Library."[2] Plaintiff brings forth no evidence to dispute this fact.

The third factor, the impact the asserted constitutional right will have on others, is also satisfied. The publications excluded are those which pose a threat to order and security within the jail. Where the "right in question can be exercised only at the cost of significantly less liberty and safety for everyone else, ...the courts should defer to the informed discretion of the correction officials." Thornburgh at 1884. Additionally, prison administrators are not required to show that any adverse consequences would flow from the application of the regulation in question. Lawson v. Singletary, 85 F.3d 502, 512 (11th Cir. 1996). Accordingly, the same rationale

---

[2] See SOP 5.4.1.J.2, attached to Defendants' Motion for Summary Judgment, bate stamp number 134.

*Lawson v. Jenne, et al*
USDC Case No.: 00-6009

should be applied in this case and the Court should defer to the judgment of the jail officials.

Plaintiff claims that Defendants' purpose of the regulation is merely an "exaggerated response". The court in Thornburgh addressed that issue by stating, "the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable." Id. at 1884. "If an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimus* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." Id. at 1884. No easy alternatives have been proposed or brought to light. Moreover, Plaintiff has failed to provide an alternative in accordance with Thornburgh. Accordingly, one can assume that the regulation at issue is reasonable.

### B.  Qualified Immunity

Plaintiff has failed to rebut the evidence that Defendants' are entitled to qualified immunity as they were acting within their discretionary authority. Plaintiff has also failed to show any factual evidence that JENNE and HITCHCOCK violated any clearly established federal law.

### C.  Retaliation

Plaintiff's retaliation claim is threefold: (1) he was transferred many times, (2) he was denied access to the law library, and (3) his legal materials were confiscated.

In Defendants' Motion for Summary Judgment, evidence was submitted as to why Plaintiff was transferred many times[3], evidence that he was not denied access to the law library (on the contrary, he was provided 18 hours a week)[4], and evidence that his legal materials were not confiscated.[5]  Plaintiff has failed to rebut any evidence presented by Defendants', thus, leaving no material facts in dispute. Accordingly, Defendants' are entitled to Summary Judgment on all issues discussed herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this ___ day of _____, 2000 to: **ROSS JAY LAWSON**, Pro Se Plaintiff, FL 97-9905, Post Office Box 9356, Fort Lauderdale, Florida 33310.

---

[3] See Bate Stamp numbers 117-119, 148-149, attached to Defendants' Motion for Summary Judgment.

[4] See Bate Stamp number 76, attached to Defendants' Motion for Summary Judgment.

[5] See the affidavits of Deputy Wilcox and Deputy McManus, attached to Defendants' Motion for Summary judgment, Exhibits "B" and "C", respectively.

*Lawson v. Jenne, et al*
USDC Case No.: 00-6009

ADORNO & ZEDER, P.A.
Counsel for Jenne & Hitchcock
888 Southeast Third Avenue
The Legal Center, Suite 500
Fort Lauderdale, Florida 33335-9002
(954) 523-5885
(954) 760-9531 (Fax)


_____
ROBERT H. SCHWARTZ
Fla. Bar No.: 301167

TAMATHA S. ALVAREZ
Fla. Bar No.: 0151467

7

ADORNO & ZEDER, P.A.
888 SOUTHEAST 3RD AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33335-9002 • TELEPHONE (954)523-5885 • TELEFAX (954) 760-9531