UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,

       Plaintiff,

v.

KEN JENNE, WILLIAM
HITCHCOCK, BROWARD
COUNTY DEPARTMENT OF
CORRECTIONS AND REHAB.,

       Defendants.

_____/



### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS SUBMITTED IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, KEN JENNE, WILLIAM HITCHCOCK and BROWARD

COUNTY DEPARTMENT OF CORRECTIONS AND REHABILITATION, by and

through their undersigned counsel, files this Motion to Strike Affidavits, and in

support thereof states:

1.    Plaintiff submitted four affidavits in support of his Response to

Defendants' Motion for Summary Judgment.



2.    The affidavits of John Judd, Michael Consiglio, Terrell Sessions and Jeffrey Gottman are not based upon personal knowledge, and as such, do not comply with Fed.R.Civ.P. 56(e).

3.    The affidavit of John Judd improperly contain hearsay, therefore, making it invalid.

4.    Said affidavits should be stricken as they are not in compliance with Fed.R.Civ.P. 56(e) and controlling Eleventh Circuit case law.

### MEMORANDUM OF LAW

<u>Story v. Sunshine Foliage World, Inc.</u>, 14 Fla. Law W. Fed. D 39 (2000), provides the basis for determining the content of affidavits submitted in conjunction with Fed.R.Civ.P. 56(e). <u>Story</u> sets forth that affidavits submitted to the court must be based upon personal knowledge and must set forth facts which would be admissible into evidence. Additionally, affidavits may not contain hearsay or conclusory arguments. In accordance with Fed.R.Civ.P. 56(e), an affidavit which contains conclusory arguments must be stricken.

The affidavit of Terrell Sessions states in paragraph five, "... Christian literature and Christian publications were the only ones allowed into the jail..." Additionally, paragraph six states, "After March 1999 the jail allowed religious publication for inmates but only religious publications..." Mr. Sessions' affidavit is not based upon

personal knowledge as it would be impossible for him to know that Christian
publications were the only ones permitted in the jail.

The affidavits of John Judd and Michael Consiglio are factually similar.  Mr.
Judd states in paragraph six, "From my date of arrest until 3/99, the B.C.D.O.C.A.R.
did not allow inmates to receive publications of any kind from any outside source."
Mr. Consiglio states in paragraph four, "...No other publications of any kind were
allowed to enter the jail unless they were Christian...".  Mr. Judd and Mr. Consiglio
cannot personally have knowledge of the facts contained within their affidavits.

Moreover, John Judd's affidavit contains hearsay in that he states in paragraph
eleven (11) that he has heard what certain deputies have said to make fun of
Plaintiff.

Lastly, all of the affidavits except for Jeffrey Gottman's, contain conclusory
arguments.  Each affidavit states that the jail did not permit certain publications of
any kind to enter the jail.  Then, each affidavit states that only religious publications
were permitted.  These statement are merely conclusory arguments as each affiant
does not have personal knowledge of what the jail did or did not permit.

As Plaintiff has submitted affidavits which are not in compliance with
Fed.R.Civ.P. 56(e) and controlling case law, said affidavits should be stricken.

WHEREFORE, Defendants' respectfully request this Honorable Court strike

Plaintiff's affidavits submitted in support of his Response to Defendants' Motion for

Summary Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via

U.S. Mail this $\underline{\quad}$ day of $\underline{\quad\quad}$, 2000 to: **ROSS JAY LAWSON**, Pro Se

Plaintiff, FL 97-9905, Post Office Box 9356, Fort Lauderdale, Florida 33310.

> ADORNO & ZEDER, P.A.
> Counsel for Jenne & Hitchcock
> 888 Southeast Third Avenue
> The Legal Center, Suite 500
> Fort Lauderdale, Florida 33335-9002
> (954) 523-5885
> (954) 760-9531 (Fax)

ROBERT H. SCHWARTZ
Fla. Bar No.: 301167

TAMATHA S. ALVAREZ
Fla. Bar No.: 0151467