UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS J. LAWSON,  :

    Plaintiff,  :

v.  :  ORDER

KEN JENNE, et al.,  :

    Defendants.  :



FILED by _____ D.C.
MAG. SEC.
MAY 25 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

This Cause is before the Court upon motions by the defendants and the plaintiff in this case (DE#s 33, 36, 39, 41, and 45).

A report has been separately entered with recommendations for disposition of the motion for summary judgment (DE# 30) which was filed jointly by the defendants in the case.

Upon Consideration, and review of the record, it is thereupon

ORDERED AND ADJUDGED as follows:

1. **The plaintiff's response (DE# 33), which is in effect a motion for an oral hearing** on the defendants' motion for summary judgment, **is denied.**

2. **The defendants' motion (DE# 36),** to strike the plaintiff's supplemental witness list [DE# 32] **is granted.** The supplemental witness list is a supplement to the plaintiff's pretrial statement. The Supplemental Witness List does not comply with the requirements of paragraphs "4(d)," 4(e)," and "4(f)" of the pretrial scheduling Order (DE# 20) which provided instructions for the filing of the plaintiff's pretrial statement.

3.  **The defendants' motion (DE# 39)** to strike the affidavits of John Judd, Michael Consiglio, Terrell Sessions, and Jeffrey Gottman, which were submitted by the plaintiff in support of his response to the defendants' motion for summary judgment, **is denied.** These affidavits were not considered by the undersigned in conjunction with the Report and recommendations entered this date, because: 1) even without the affidavits by Judd, Consiglio, and Sessions which address only the plaintiff's claim of a publication ban at the Broward County Jail, and without the affidavit by Gottman which in part addresses the publication ban claim and the plaintiff's claim regarding his confinement on the 8th Floor of the Broward County Jail, the plaintiff should prevail as to those two claims; and 2) to the extent that the affidavit by Gottman contains statements relating to the plaintiff's claim of denial of access to the courts due to interference with documents he gave to Deputy Lewis for copying, as discussed in the Report, the plaintiff cannot prevail on his claim of denial of access to the courts because he has not alleged facts which satisfy the prejudice requirement for denial of access to the Courts under the landmark case of Lewis v. Casey, 518 U.S. 343 (1996).[1]

4.  **The plaintiff's motion (DE# 41)**, asking the Court to deny the defendants' motion to strike the plaintiff's affidavits

---

[1] Upon review of the motion for summary judgment, and entry of the Report on that motion, it was recommended that as to two claims (denial of the plaintiff's access to the law library, and the alleged confiscation of documents from a file belonging to the plaintiff) that the defendants are entitled to summary judgment because there is no allegation or showing of prejudice to the plaintiff as required under Lewis v. Casey, 518 U.S. 343 (1996); and it was recommended as to two other claims (concerning receipt of written materials by inmates, and placement of the plaintiff in restricted confinement) that summary disposition in favor of the defendants was inappropriate because the defendants had failed to meet their initial burden of showing that there is no genuine issue as to any material fact in regard to those claims.

2

submitted in opposition to the defendants' motion for summary judgment, **is dismissed, as moot.**

5.   **The plaintiff's motion (DE# 45),** requesting that the date for a jury trial in this case be set, **is dismissed as premature.**

DONE AND ORDERED at Miami, Florida, this 24 day of May, 2001.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

cc:   Ross Jay Lawson, Pro Se
      Inmate No. 97-9905
      Broward County Jail
      P.O. Box 9356
      Ft. Lauderdale, FL 33310

      Robert Hunt Schwartz, Esq.
      Tamatha S. Alvarez, Esq.
      Adorno & Zeder, P.A.
      888 S.E. 3rd Avenue, Suite 500
      Ft. Lauderdale, FL 33335-9002