UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6009-CIV-DIMITROULEAS

MAGISTRATE: JUDGE SORRENTINO

ROSS JAY LAWSON,                /
(Plaintiff)

VS.

KEN JENNE, ET AL.,              /
(Defendant(s))



### PLAINTIFF'S OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE SORRENTINO'S "REPORT OF MAGISTRATE JUDGE" DATED MAY 24, 2001 AND "ORDER" DATED MAY 24, 2001

**Comes Now** the Plaintiff, ROSS JAY LAWSON, Pro se, and files this OBJECTION to the above stated, within ten days of receiving said listed above. Grounds in which the Plaintiff Objects are as follows;

1. Although the Honorable Magistrate Judge is correct in most of Her interpretations of the content of this suit, She has mistaken the Plaintiff's claims of reprisal for a denial of access to the courts. The Plaintiff has at no time claimed that any of the Defendants named in this action, denied the Plaintiff of access to the courts. The Plaintiff's allegations were on reprisal, and to show propensity of how the Defendant's new and willfully violated the Plaintiff's rights, and attempted to stop the Plaintiff from filing with this Honorable Court. The Plaintiff does not wish to be barred from filing denial of access to the courts from his stay of the last almost four years in the B.C.D.C.A.R. in a separate suit/pleadings. WHEREFORE the Plaintiff does not wish to be awarded relief as to a claim of denial of access to the courts, but does wish to use such for impeachment material, and to show reprisal by Defendants against the Plaintiff for filing this action.

2. The Plaintiff's claims of CONFISCATION OF DOCUMENTS, are not raised as to a denial of access to the courts. But are also used to show reprisal, and actions in which the Defendants used to deter/prohibit the Plaintiff from seeking relief from the courts in the ban on publications. As well as the other issues raised above. The Plaintiff does not wish to seek relief from this court as to the Defendants taking or confiscating His documents, The Plaintiff wishes to use such for impeachment material, and to shoe reprisal.

3. It should also be noted that the Defendants named in this suit deny the Plaintiff's



claims as to paragraphs (1) and (2), yet the Plaintiff has documents from the Defendant(s) admitting to said acts of reprisal. And Plaintiff seeks to utilize said documents in trial for impeachment purposes, and to show reprisal. The Defendants deny reprisal against the Plaintiff, thus showing a material fact in dispute as to the acts of reprisal claimed ny the Plaintiff.

4. The Plaintiff requested a oral hearing for summary judgement so as the complexity of this action would not be misread as stated in (1) and (2), but the Plaintiff understand that summary judgement has already been reviewed at this time, therefore a oral hearing for said is to late.

5. The Defendants Motion (DE# 36) to strike the Plaintiff supplemental witness list (DE# 32) was granted. This should not of been so. The Defendant would not suffer any prejudice as to said witnesses being called to prove matters to this court. As to the Plaintiff not complying to the Honorable Magistrate Judge Sorrentino's pretrial scheduling order (DE# 20) the Plaintiff was a short period late, but to fairly rule on the Plaintiff not complying with said pretrial scheduling order, the Plaintiff would ask that the Defendant failure to file summary judgement by August 3, 2000 as stated in the pretrial scheduling order Paragraph (3.) the Defendants did not file their Motion for summary judgement untill October 24, 2000 In noting such the Plaintiff being Pro,se thought that by the Honorable Judge Sorrentino allowing said Motion to be heard/ruled on would be fair to allow the Plaintiff His Supplemental witness list. The Plaintiff admits He was late according to the pretrial scheduling order, but the Plaintiff did not know/relise that said witnesses listed in Plaintiff's supplemental witness list would be needed untill Plaintiff received the late filed Defendants Motion for summary judgement. Had said Motion For summary judgement been file on time as to the pretrial scheduling order the Plaintiff would have listed said witnesses on hit pretrial statement timely. wherefore the Defendants would suffer no prejudice and said supplemental witness list should be allowed.

**WHEREFORE** the Plaintiff would request that this Honorable District Judge entertain this objection, now, or prior to trial, as to what will be allowed, so as justice may be ordered by this Honorable Court, and the terrible wrongs done by the Defendants against the Plaintiff will come to light and finally be ordered to stop by the authoruty of this most Honorable Court

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS MAILED TO THE ATTORNEYS FOR THE DEFENDANTS ADORNO & ZEDER P.A. at 888 S.E. THIRD AVE. SUITE 500 FORTLAUDERDALE, FLORIDA  33335-9002 on this 4th day of June  2001

*Ross Jay Lawson*
ROSS JAY LAWSON FL97-9905
P.O. BOX 9356
Fort Lauderdale, FL. 33310