UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS

ROSS JAY LAWSON,

   Plaintiff,

vs.

KEN JENNE, et al.,

   Defendant.



## ORDER APPROVING, IN PART, REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the Defendant's Motion for Summary Judgment [DE 30], the Report and Recommendation [DE 47] of Magistrate Judge Charlene H. Sorrentino, dated May 29, 2001, and the Defendant's Objections to the Report and Recommendation of the U.S. Magistrate Judge [DE 48].

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the entire court record herein, and is otherwise fully advised in the premises.

Plaintiff's Amended Complaint alleges that Defendant Jenne and Defendant Hitchcock as Jenne's agent instituted a total ban on all publications coming into the Jail, except for religious publications purchased by the inmates, and such a ban constitutes a violation of his civil rights. The Eleventh Amendment bars suit against state officials working in their official capacity. A suit against the individual is actually a suit against the official's office. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304 (1989). This essentially makes the suit against the state itself. Id. For a deprivation of civil liberties, the Eleventh Amendment bars such suits unless the State has



waived its immunity." Id. Those whose liberties were violated have recourse by filing a § 1983 cause of action as Plaintiff has done in the present case. Additionally, a States's Eleventh Amendment immunity, as is the case in Florida, is not waived by a § 1983 case. Zalter v. Wainwright, 802 F.2d 397 (11th Cir. 1986).

Qualified immunity shields a § 1983 defendant from liability for harms arising under discretionary acts, as long as the discretionary acts do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For an asserted right to be clearly established for purposes of qualified immunity, "the law must have earlier been developed in such concrete and factually defined context to make it obvious to all reasonable government actors in the defendant's place that 'what he is doing' violates federal law." Lassiter v. Alabama A & M Univ. Bd. Of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Plaintiff is unable to point out any Supreme Court or Eleventh Circuit cases which specifically delineate that Defendants' actions violate Plaintiff's constitutional rights. Therefore, Defendants Jenne and Hitchcock must be afforded qualified immunity based on the fact that there does not exist a case with controlling precedential value to make it obvious to Defendants that what they are doing violates federal law.

Plaintiff argues that he is not seeking relief to his claims of denial of access to the courts and confiscation of his documents. Plaintiff's objections do not discuss the claims in which Defendants' Motion for Summary Judgment was granted, namely that BCDCR is not a person within the meaning of § 1983 and therefore cannot be sued under § 1983 and Plaintiff's failure to state a claim for being denied access to the law library at the Broward County Main Jail, and

2

documents confiscated from him at the facility in November, 1999.

Plaintiff does object to the Magistrate Judge's granting Defendants' Motion to Strike [DE 32]. Plaintiff admits to filing his supplemental witness list in an untimely manner. Therefore, his objection is without merit. Finally, there was evidence to support the disciplinary action taken by the jail. [DE 30 at 21, 28, and 29]. Where a prisoner claims that he was denied due process in a disciplinary hearing on the basis of insufficient evidence, the claim must be rejected if there was some evidence to support the decision. Gaston v. Couglin, 249 F.3d 156, 163 (2nd Cir. 2001); Williams v. Fountain, 77 F.3d 372, 375 (11th Cir. 1996) ("A minimum requirement of due process is that conclusions of prison disciplinary bodies be 'supported by some evidence in the record.'"[1]). This Court must only determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Williams, 77 F.3d 372, 375. As stated *supra*, Defendants have shown that evidence was used to support their decision.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of Magistrate Judge Charlene H. Sorrentino [DE 47] is hereby **ADOPTED**, in part;

2. Defendants' Motion for Summary Judgment [DE 30] is hereby **GRANTED**;

3. Plaintiff's Objections [DE 48] are hereby **OVERRULED**;

4. The above styled action is hereby Dismissed, with prejudice;

---

[1] Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985).

3

5. All pending motions are denied as moot; and

6. This case is closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of June, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Magistrate Judge Charlene H. Sorrentino

Robert H. Schwartz, Esq.

Ross Jay Lawson, Pro se
Inmate No. FL97-9905
Broward County Main Jail
PO Box 9356
Ft. Lauderdale, FL 33310

4