

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

---

July 16, 2002

RE: 01-14029-JJ    Ross Jay Lawson v. Broward Sheriff's Office
DC DKT NO.: 00-06009 CV-WPD

TO:  Clarence Maddox

CC:  Ross Jay Lawson (#FL 97-9905)

CC:  Tamatha Suzanne Alvarez

CC:  Robert H. Schwartz

CC:  Sheriff

CC:  Hon. Charlene H. Sorrentino

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties



July 16, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 01-14029-JJ    Ross Jay Lawson v. Broward Sheriff's Office
DC DKT NO.: 00-06009 CV-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
　　Original record on appeal or review, consisting of: one volume

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

　　　　　　　　　　Sincerely,

　　　　　　　　　　THOMAS K. KAHN, Clerk

　　　　　　　　　　Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
For the Eleventh Circuit

No. 01-14029

District Court Docket No.
00-06009-CV-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jun 17, 2002
THOMAS K. KAHN
CLERK

ROSS JAY LAWSON,

        Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,
Sheriff Ken Jenne,
WILLIAM HITCHOCK, Superintendent BCMJ,
PATRICK TIGBE, Director BCMJ,
BROWARD COUNTY DEPARTMENT OF CORRECTIONS,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 1 6 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: June 17, 2002
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

FILED by _____ D.C.
JUL 18 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT



No. 01-14029
Non-Argument Calendar

D. C. Docket No. 00-06009-CV-WPD

ROSS JAY LAWSON,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,
Sheriff Ken Jenne, et al.

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

(June 17, 2002)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Ross Jay Lawson appeals pro se the district court's grant of summary judgment against him in his pro se civil rights action brought pursuant to 42 U.S.C. § 1983. Lawson's suit was brought against the Broward County Sheriff's Office; the

Broward County Sheriff, Ken Jenne, in his individual and official capacities; and the Broward County Jail Superintendent, Will Hitchcock, in his individual and official capacities, for alleged violations of his First and Fifth Amendment rights arising from the conditions of his custody while he awaits trial. The district court granted summary judgment to the officials in their individual capacities on the grounds of qualified immunity. It ruled that Eleventh Amendment sovereign immunity bars lawsuits against Florida sheriffs in their official capacities. And, it dismissed the suit against the Broward County Sheriff's Office on the grounds that it is not a "person" within the meaning of § 1983. Lawson appeals these rulings.

Summary judgment may be granted only when there are no genuine issues of material fact and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). This Court applies the same legal standards as the district court applied in reaching its summary judgment decision. Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1424 (11th Cir. 1997). Thus, we review the district court's decision de novo. All inferences must be drawn in the light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

The Eleventh Amendment bars suits against a state official in his official capacity, unless the state has waived its sovereign immunity. Lancaster, 116 F.3d at

1429. The Eleventh Amendment, however, does not apply to "municipalities and other discreet political subdivisions that are sufficiently independent from the state." Schlopler v. Bliss, 903 F.2d 1373, 1378 (11th Cir. 1990). The officials' immunity, therefore, turns on whether they are agents of the state or the county. Hufford v. Rodgers, 912 F.2d 1338, 1341 (11th Cir. 1990).

This Court has already addressed the issue of whether sheriffs in the State of Florida are state or county officials. In Hufford v. Rodgers, we analyzed the four aspects of state law most pertinent to the issue, and concluded that Florida sheriffs are county officials. 912 F.2d at 1341; see also Hutton v. Strickland, 919 F.2d 1531, 1542 (11th Cir. 1990) (reaffirming holding that sheriffs are county officials). That holding controls here. Sheriff Jenne is not entitled to Eleventh Amendment immunity. Superintendent Hitchcock, who is a Deputy for the Broward Sheriff's Office, is also not entitled to Eleventh Amendment immunity. The district court erred in granting summary judgment in their favor in respect to their official capacities.[1]

---

[1] Strictly speaking, the district court also erred in granting summary judgment to the officials in their individual capacities in one respect. Qualified immunity applies to claims for monetary damages, not to requests for declaratory or injunctive relief. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 1001 (11th Cir. 1995). Lawson's complaint seeks an injunction against the total ban on all publications. This claim may proceed against the officials in their personal capacities as well.

3

The district court dismissed the suit against the Broward Sheriff's Office on the grounds that it is not a "person" within the meaning of § 1983. In fact, it was established in <u>Monell v. Department. of Social Services of the City of New York</u> that "local governmental units" are "persons" to whom § 1983 applies. 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 (1978). This Court has recognized, however, that where sheriff's departments are concerned the appropriate question "is not whether the [Sheriff's Office] is a 'person' for the purposes of liability under <u>Monell</u> and section 1983, but whether the Department is a legal entity subject to suit." <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992). Normally, sheriff's departments and police departments are not considered legal entities subject to suit, although the matter is to determined by state law. <u>Id.</u> Neither this Circuit nor the Supreme Court of Florida has determined conclusively whether or not Florida Sheriff's Offices are legal entities subject to suit. We decline to reach that issue, however, as a suit against the Sheriff in his official capacity is the functional equivalent of the suit against the County and against the Sheriff's Office. See <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1105 (11th Cir. 1999) (noting that the plaintiff's claim against the Sheriff's Office is redundant).

Qualified immunity protects government officials from suits for monetary damages when they are performing discretionary functions and "their conduct does

4

not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 925 (11th Cir. 2000). For law to be "clearly established," such that qualified immunity will not apply, "the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Lassiter v. Ala. A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994). The facts of the cases relied upon must be "materially similar." Id. at 1150. The cases must "truly compel . . . the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in these circumstances." Id. Only decisions from the United States Supreme Court, this Court, and from the highest court in the state where the case arose should be considered. Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 827 n.4 (11th Cir. 1997).

There are penological interests that justify prohibiting inmates' receipt of certain classes of correspondence. Thornburgh v. Abbott, 490 U.S. 401, 415, 109 S.Ct. 1874, 1882 (1989). Regulations which "affect the sending of a 'publication' . . . must be analyzed under the Turner reasonableness standard," which is a fact-dependent analysis. Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997)

(describing the inquiry laid out in Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254 (1987)). We have found no case from the U.S. Supreme Court, the Florida Supreme Court, or this Court that addresses an operating procedure even closely similar to that at issue here. Thus the law does not clearly establish that the regulation at issue in this case was unconstitutional on its face or as applied to the religious material related to the Jewish faith sought by Lawson. The district court did not err in granting qualified immunity to the officials in regard to the claim for monetary damages.

In sum, we REVERSE the summary judgment against the Sheriff and the Superintendent in their official capacities. We AFFIRM the dismissal of the suit against the Broward Sheriff's Office. We AFFIRM the grant of summary judgment based on qualified immunity to the officials in relation to the claims for monetary damages. We REMAND to the district court with the order to conduct further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART.[2]

A True Copy Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By
Deputy Clerk
Atlanta, Georgia

---

[2] All pending motions are denied. Appellant's request for oral argument is denied.

6