United States District Court
Southern District Of Florida

FILED BY _____ D.C.

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

Case #: 00-6009-CIV-WPD

Magistrate Judge Sorrentino

Ross Jay Lawson
(Plaintiff)

vs.

Ken Jenne, William Hitchcock,
Broward County Department
Of Corrections And Rehabilitation.
(Defendants)

## Plaintiff's Response To The Defendant's "Suggestion Of Mootness"

Comes Now the Plaintiff, Ross Jay Lawson, Pro se, and files this response to the Defendant's "Suggestion Of Mootness". Grounds for this response are as follows;

(1 of 11)

60

1. On June 17, 2002, the Honorable Circuit Court of Appeals (Eleventh Circuit) issued their ruling on this Plaintiff's appeal, filed in this instant case.

2. The Eleventh Circuit's ruling effectively remanded this instant case to the District Court with the Order to conduct further proceedings consistent with their opinion.

3. The Plaintiff is presently housed in the care of Department of Corrections at "Baker Correctional Institution" P.O. Box 500, Sanderson, Florida 32087-0500

4. The Plaintiff is presently on the witness list of several Defendant's awaiting trial and is soon to be Motioned back to Broward County Department Of Corrections and Rehabilitation

for the purpose of the taking of His deposition and Plaintiff testimony at trial. For this purpose the Plaintiff would be forced to be housed at the Broward County Main Jail, in the custody and control of all Defendants named in this action.

5. The Plaintiff also may be called for a small claims trial in which He is also the Plaintiff, and said trial is in Broward County Court scheduled in the soon future, if Plaintiff's presence is Ordered by the Court in said small claims suit Plaintiff would be housed at the Broward County Main Jail, in the custody and control of the named Defendants in this action.

6. The Plaintiff in this action has presently two appeals which the 4th D.C.A. will be reveiwing, if reversed and/or remanded for trial the Plaintiff will once again be housed in the Broward County Main Jail, in the care, control, and custody of the Defendants named in this action. Some issues for appeal in the 4th D.C.A. are the Jury never being sworn, etc. etc. . . . .

7. The Plaintiff has 57 seperate criminal cases where His Constitutional Speedy trial Rights were violated, thus the Circuit Court in Broward County 17th Judicial Circuit must respond to the Plaintiff's timely filed Motion and conduct a case by case 4 prong test to determine said violation. Each and every 57 cases require a full and complete evidentiary hearing applying the 4 prong test quoted by the United States

Supreme Court. The Plaintiff will be forced to be housed in the Broward County Main Jail, in the custody, care, and control of the named Defendants in this action.

8. Not to mention any claims of 3.850 or 3.800 motions that must be filed by this Plaintiff in His criminal cases.

9. In fact the Plaintiff was sent to Prison on May 7, 2002 and only stayed two week before He was called back to testify in a criminal case on behalf of a Defendant. The Plaintiff was called back and housed at the Broward County Main Jail on May 21, 2002 untill June 6, 2002, and was still subjected to the same claims alleged in this suit and the hands of Defendants.

10. It is inevitable that the Plaintiff in this action will at more then one point, once again, be forced to be housed at the Broward County Main Jail, and subjected to the violations of His Constitutional Rights at the hands of the named Defendants in this action if this case does not proceed to trial.

11. The Plaintiff has also claims of Money damages for His loss of the publications and school courses that were mailed to him and never allowed into the Jail. Such were non-refundable purchases in which the Plaintiff suffered a loss.

12. There is also the issue of how the Defendant's Ban on publications effected the Plaintiff in this action by prohibiting Him from receiving legal publications, as He also was Pro se, on all of the criminal cases pending against the Plaintiff.

13. It would serve no purpose to dismiss this action as the Plaintiff would be back housed in the custody of Defendants, if the plaintiff were forced to appeal this Honorable Court's Order by the time the Honorable Eleventh Circuit were to once more hear Plaintiff's appeal. Back housed as witness in several ongoing murder cases now pending in Broward County testifying on behalf of Defendant's in said Murder Cases.

14. <u>Memorandum Of Law</u>

In Mazer v. Orange County 811 So2d 857 (Fla. App. 5dist 2002) the D.C.A. stated the three instances that have been recognized by Florida Courts in which a moot case will not be dismissed: (1) When the issues are of great public importance; (2) When the issues are likely to recur; (3) When collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. Citing Goodwin 593 So2d. at 212 (Citing Holly v. Auld 450 So2d. 217, 218 n.1 (Fla. 1984); Keezel v. State 358 So2d. 247 (Fla 4th DCA 1978). A case is only moot if it is absolutely clear that the alleged wrongfull behavior could not reasonably be expected to recur. United States v. Consentrated Phosphate Export Assn. Inc.

393 U.S. 199, 203, 89 S.Ct. 361 (emphasis added)

And the "Heavy Burden of persuading the Court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness" Friends Of The Earth Supra at 189, 120 S.Ct. 693 (emphasis added) quoting Consentrated Phosphate Export Assn. Supra at 203, 89 S.Ct. 361 (See Adarand Construction Inc. v. Slater 120 S.Ct. 722 (2000). The Court went on further to say, It is no small matter to deprive a litigant of the rewards of its efforts, particularly in a case that has been litigated up to this Court and back down again. Such action on grounds of mootness would be justified only if it were absolutely clear that the litigant no longer had any need of the Judicial protection

that it sought. (See Adarand Construction Inc. v. Slater 120 S.Ct. 722 at 726 (2000)

Wherefore Defendants Motion suggesting this case be dismissed as moot should be dismissed/denied with prejudice and this case set for trial.

By: *Ross Jay Lawson*
Ross Jay Lawson B726599 E1101
Baker C.I.
P.O. Box 500
Sanderson, Florida 32087-0500

## Oath Pursuant To 28 U.S.C. 1746

I declare/certify/verify under penalty of perjury that the foregoing is true and correct. Exicuted on this 15th day of July 2002

By: *Ross Jay Lawson*
Ross Jay Lawson

## Certificate Of Service

I Hereby Certify that a true and correct copy of the foregoing was mailed, via B.C.I.' legal mail system, to Adorno & Yoss at 888 S.E. 3rd Ave., suite 500, Fort Lauderdale, Florida 33316-1159 on this 15th day of July 2002.

By: Ross Jay Lawson
Ross Jay Lawson /726599/ E1101
Baker C.I.
P.O. Box 500
Sanderson, Florida 32087-0500