UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6009-CIV-DIMITROULEAS
MAGISTRATE JUDGE SORRENTINO

ROSS JAY LAWSON,

    Plaintiff,

v.

KEN JENNE, WILLIAM
HITCHCOCK, BROWARD
COUNTY DEPARTMENT OF
CORRECTIONS AND REHAB.,

    Defendants.

_____/



## DEFENDANTS REPLY TO PLAINTIFF'S RESPONSE TO SUGGESTION OF MOOTNESS

Defendants, KEN JENNE and WILLIAM HITCHCOCK, (hereinafter "Defendants"), by and through their undersigned attorneys, files this their Reply to Plaintiff's Response to Suggestion of Mootness and states:

1. On June 21, 2002, Defendants filed a suggestion of mootness in the instant case.

2. On July 15, 2002, Plaintiff filed his response alleging that the instant case is not moot as he may have occasion to be housed temporarily at the Broward County Main Jail.

3. For the reasons cited below, the instant case should be dismissed as moot.



CASE NO. 00-6009-CIV-DIMITROULEAS

## **MEMORANDUM OF LAW**

Plaintiff concedes that he has been transferred out of the Broward County Main Jail and is currently a guest of the Department of Corrections, housed at Baker Correctional Institute. In support of his position that the instant case should not be rendered moot, Plaintiff states the following: (1) Plaintiff is on the witness list of several defendants currently awaiting trial and **believes** that he will be summoned back to Broward County to give deposition testimony and/or trial testimony; (2) Plaintiff currently has a pending action in Broward County Small Claims Court and **believes** his presence may be required; (3) Plaintiff currently has two appeals pending before the Fourth Distrcit Court of Appeal and if they are remanded and/or reversed he **believes** that he will be summoned back to Broward County; and (4) Plaintiff has 57 evidentiary hearings pending and he **believes** that he will be housed at the Main Jail for the duration of all hearings.

Well established case law in this circuit provides that "absent class certification, an inmate's claim for injunctive or declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Moreover, "past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief **if uaccompanied by any continuing, present injury or real and immediate threat of repeated injury.**" Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985)(emphasis added).

CASE NO. 00-6009-CIV-DIMITROULEAS

There is no doubt that Plaintiff has been trnasferred from the Main Jail as his current address is Baker Correctional Institute in Sanderson, Florida. Additionally, there is no doubt that Plaintiff does not have a case or controversy as the alleged illegal conduct he complains of is in the past, and presents no immediate injury to Plaintiff.

Plaintiff **assumes** that due to his many legal involvements in Broward County, he will be brought back here for various reasons. The fact of the matter is Plaintiff has no concrete evidence that he may be brought back to Broward County *and* that he will be housed at the Main Jail.[1] Absent such evidence, there is no continuing injury or real and immediate threat of injury to him. Without said evidence, Plaintiff's contentions are at the most speculative, rendering his claim moot. See Cotterall (holding that mere speculation was not enough to permit plaintiff's claim for injunctive relief to remain pending). Accordingly, as Plaintiff has not provided this Court with anything more than mere speculation, the instant case should be dismissed as moot.

WHEREFORE, Defendants respectfully request this Court dismiss the instant action as moot.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 31 day of July, 2002, to: **ROSS JAY LAWSON**, Pro Se Plaintiff,

---

[1] Plaintiff over looks the fact that his personal attendance at depositions, trials and/or hearings may not be required and provides no evidence to the contrary.

CASE NO. 00-6009-CIV-DIMITROULEAS

B726599/E1101, Baker Correctional Institute, P.O. Box 500, Sanderson, FL 32087-0500.

ADORNO & YOSS, P.A.
Attorneys for Defendants
888 Southeast Third Avenue, Suite 500
Fort Lauderdale, Florida 33335-9002
(954) 523-5885
(954) 760-9531 (Fax)

*/s/ Schwartz*

ROBERT H. SCHWARTZ
Fla. Bar No.: 301167
TAMATHA S. ALVAREZ
Fla. Bar No.: 0151467