UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROSS JAY LAWSON,

    Plaintiff,

vs.

KEN JENNE, WILLIAM
HITCHCOCK, BROWARD
COUNTY DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

    Defendants.
_____/

CASE NO. 00-6009-CIV-DIMITROULEAS

FILED by ____ D.C.

SEP 04 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### *AMENDED* FINAL JUDGMENT AND ORDER DISMISSING CASE AS MOOT; ORDER DENYING RECOMMENDATION AND ORDER DENYING COSTS

THIS CAUSE having been heard upon Defendant's June 21, 2002 Suggestion of Mootness [DE-57] and the Court having considered Plaintiff's (Lawson) July 15, 2002 Response [DE-60] and Defendant's August 1, 2002 Reply [DE-61] and now having considered Plaintiff's August 14, 2002 Response[1] [DE-63], and now having reviewed Plaintiff's Motion for Costs, [DE-65] and his Motion to Proceed in Forma Pauperis on Appeal [DE-66], and being otherwise fully advised, finds as follows:

1. On November 24, 1999, Lawson filed this lawsuit complaining about the Broward County Jail's policy on mail, specifically Standard Operating Procedure 5.41, which prohibits inmates from receiving books or magazines through the mail.[2] Additionally, Lawson complained

---

[1]Said response was received and filed on August 19, 2002, four days after this Court dismissed Plaintiff's case as Moot. [DE-62].

[2]The policy appears to be based upon accumulated printed material being a fire hazard. Although prison inmates having a recognized first amendment interest in receiving mail, Sorells

1



about his denial of access to the law library. Lawson sought damages and injunctive relief. [DE-1]. On January 25, 2000 Lawson filed an Amended Complaint re-alleging the previous objections. [DE-7].

2. On May 1, 2000, Judge Sorrentino denied Lawson's request for access to the law library. [DE-19].

3. On October 24, 2000, Defendants filed a Motion for Summary Judgment [DE-30]. Lawson filed his Response on December 1, 2000. [DE-34]. A Reply was filed on December 8, 200. [DE-38]. On May 25, 2001, Judge Sorrentino entered her Report, recommending that summary judgment be granted as to the denial of access to the law library claim, and she also recommended that the claim for damages be dismissed. [DE-47]. Those parts of the Report were adopted by this Court on June 22, 2001. [DE-49]. However, this Court went on to dismiss the whole case. On June 17, 2002, the Eleventh Circuit Court of Appeals held that Lawson's injunctive claims could proceed against the individual defendants, but not his claim for monetary damages.[3] [DE-59].

4. The issue now before this Court is whether Lawson's subsequent transfer to State prison renders his claim for injunctive relief to be moot. Lawson was sent to state prison on May 7, 2002, and is currently housed at a Florida State Prison, Baker Correctional Institute.[4] Lawson

---

v. McKee, 290 F. 3d 965, 968 (9th Cir. 2002) citing Crofton v. Roe, 170 F. 3d 957 (9th Cir. 1999), they are also subject to valid regulations of a prison. Griffin v. Lombardi, 946 F. 2d 604, 607 (8th Cir. 1991), but see, Prison Legal News v. Cook, 238 F. 3d 1145 (9th Cir. 2001); Morrison v. Hall, 261 F. 3d 896 (9th Cir. 2001).

[3]The appellate court did not address Lawson's complaints about access to the law library or his confinement status, presumably because Lawson did not appeal those rulings.

[4]Lawson is serving a life sentence on Case No. 97-16344. See www.dc.state.fl.us.

contends that a case or controversy still exists. He alleges generally that he is listed as a witness in several other trials, although he does not specifically name any. Moreover, he speculates that he may be returned to Broward County to give a deposition or to testify at a trial. He also speculates that upon his return he would be housed at the main jail. Secondly, Lawson alleges that he has a small claims court case pending in Broward County.[5] However, he fails to mention what stage of the proceedings the case is in. Third, Lawson has criminal appeals pending and should he prevail on those appeals, he anticipates again being returned to the Broward County Jail. Fourth, Lawson has collateral attacks pending on prior convictions for which he claims that evidentiary hearings may be necessary. Finally, Lawson alleges he recently was returned to the Broward County Jail to testify on another case and spent two weeks[6] in the mail jail. The Court must determine whether there remains a real and immediate threat of repeated injury to Lawson. Cotterall v. Paul, 755 F. 2d 777, 780 (11th Cir. 1985). The general rule is that a prisoner's transfer or release from jail moots his individual claim for injunctive relief. McKennon v. Talladega County, 745 F. 2d 1360, 1363 (11th Cir. 1984). To demonstrate mootness, the defendant has a heavy burden of a showing that the alleged wrongful behavior could not reasonably be expected to occur. Sec'y of Labor v. Burger King, 955 F. 2d 681, 686 (11th Cir. 1992). Lawson's speculative scenarios about a return to the Broward County Jail do not establish a real and immediate threat of repeated injury. O'Shea v. Littleton., 94 S. Ct. 669, 675-

---

[5]Presumably, this is the case that he refers to in his August 14, 2002 Response. However, he is being ordered returned for a small claims' court trial that is set to begin on April 9, 2003. Lawson is still in prison, not the Broward County Jail. It would be pure speculation to think that this small claims trial could last long enough for Lawson to order and receive books and magazines.

[6]A two week stint is too short a time to start receiving book and magazine subscriptions.

3

76 (1974); Dudley v. Stewart, 724 F. 2d 1493, 1494 (11th Cir. 1984), but see Mitchell v. Dupnick, 75 F. 3d 517, 528 (9th Cir. 1996). He has shown only a mere possibility of returning, and not for a significant period of time. Smith v. Hundley, 190 F. 3d 852 (8th Cir. 1999); Higgason v. Farley, 83 F. 3d 807, 811 (7th Cir. 1996). Moreover, Defendants have not created the mootness by transferring him to prison; he was sentenced to prison because of his criminal transgressions. Dilly v. Gunn, 64 F. 3d 1365, 1368-69 (9th Cir. 1995).

Wherefore, Lawson's petition is Dismissed, without prejudice to being re-filed should be returned to the Broward County Jail. Wahl v. McIver, 773 F. 3d 1169, 1174 (11th Cir. 1985).

The Clerk shall deny any pending motions as Moot.

Plaintiff's Motion for Reconsideration or Rehearing [DE-64] is Denied.

Plaintiff's Bill of Costs [DE-65] is Denied. Plaintiff has not prevailed in this case.

Plaintiff is still indigent; his motion to proceed in forma pauperis is Granted.

The Clerk shall close this case.

The Clerk shall deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of September, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Ross Jay Lawson, #B726599
c/o Baker Corr. Inst., #E-1101
P.O. Box 500
Sanderson, Florida 32087-0500

Robert Schwartz, Esquire
888 S.E. Third Avenue, #500
Ft. Lauderdale, Florida 33316-1159